UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-6954-DMG (PVCx) | Date | August 31, 2021 |
| Title | *Belinda Hedde, et al. v. The Earlwood, LLC, et al.* | Page | 1 of 2 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On July 16, 2021, Plaintiffs Belinda Hedde, Katherine Mitchell, and John Bruce Corrall, Jr. filed a Complaint in Los Angeles County Superior Court against The Earlwood, LLC and Spring Senior Assisted Living, LLC, alleging claims for elder abuse in violation of California Welfare and Institutions Code section 15600 *et seq.*, and wrongful death. Req. for Judicial Notice, Ex. A (Complaint) [Doc. # 5.]. On August 27, 2021, with the consent of Defendant The Earlwood, LLC, Defendant Spring Senior Assisted Living, LLC removed the action to this Court. Notice of Removal ("NOR") at ¶ 5 [Doc. # 1]. Defendants assert federal question jurisdiction under the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. §§ 247d-6d, 247d-6e, and federal officer removal jurisdiction under 28 U.S.C. section 1442(a)(1). NOR at ¶¶ 8, 62, 69.

This Court has previously held in similar cases that the PREP Act is not a complete preemption statute and that assertion of a defense under the PREP Act does not suffice to confer federal question subject matter jurisdiction over a removed action under 28 U.S.C. sections 1331 and 1441. *See Padilla v. Brookfield Healthcare Ctr.*, No. CV 21-2062-DMG (ASX), 2021 WL 1549689, at *2-6 (C.D. Cal. Apr. 19, 2021); *Holloway v. Centinela Skilled Nursing & Wellness Ctr. W., LLC*, No. CV 21-6106-DMG (AGRx), ECF No. 14, at *2-4 (C.D. Cal. Aug. 17, 2021). This Court and others in this district have also found no federal officer removal jurisdiction for a defendant nursing facility and company owner based solely on implementation of federal COVID-19 policies. *See, e.g.*, *Holloway*, No. CV 21-6106-DMG (AGRx), ECF No. 14, at *4; *see also Lyons v. Cucumber Holdings, LLC*, No. CV 20-10571-JFW (JPRx), 2021 WL 364640, at *3 (C.D. Cal. Feb. 3, 2021).

In light of the reasoning set forth in *Padilla*, *Holloway*, and *Lyons*, the Court hereby **ORDERS** Defendants to **SHOW CAUSE** why this case should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. Defendants shall file a response by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-6954-DMG (PVCx)** | Date | August 31, 2021 |
|---|---|---|---|
| Title | ***Belinda Hedde, et al. v. The Earlwood, LLC, et al.*** | Page | 2 of 2 |

no later than **September 10, 2021.  Failure to timely file a satisfactory response by this date will result in the remand of this action to state court.**

**IT IS SO ORDERED.**